IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRUNDSTROM, individually, and as successor-in-interest to DR. RICHARD I. APPLETON and on behalf of the Class<br><br>Plaintiff,<br><br>v.<br><br>WILCO LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 20-cv-03445-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY; DIRECTIONS TO PARTIES** |

Before the Court is defendant Wilco Life Insurance Company's ("Wilco") "Motion to Stay Litigation," filed August 27, 2020. Plaintiff Julie Grundstrom ("Grundstrom") has filed opposition, to which Wilco has replied. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

The instant action is a putative class action brought by Grundstrom against Wilco, a life insurance company. (See Compl. ¶¶ 10-11.) Grundstrom alleges her father, Dr. Richard I. Appleton ("Appleton"), purchased, "[i]n or before 1991," a life insurance policy from a company that was later acquired by Wilco. (See id. ¶¶ 8, 28.) Grundstrom further alleges that, on July 17, 2018, Wilco sent Appleton a termination letter "indicating his policy had lapsed as of July 14, 2018." (See id. ¶ 33.) According to Grundstrom, although the letter "invited . . . Appleton to apply for reinstatement," he was "incapable of qualifying for reinstated coverage" at that time due to his terminal illness and, on

---

[1] By order filed September 25, 2020, the Court took the matter under submission.

September 27, 2018, passed away.  (See id.)

In her Complaint, Grundstrom asserts five Causes of Action, titled, respectively, "For Declaratory Judgment or Relief (Cal Civ. Code § 1060 et seq.)," "For Declaratory Judgment or Relief (Federal Declaratory Judgment Act – 28 U.S.C. §§ 2201, et seq.)," "Breach of Contract," "Unfair Competition (California Business & Professions Code §§ 17200, et seq.)," and "Financial Elder Abuse (Cal Welf. & Inst. Code § 15610.30)."  As set forth in the Complaint, all five claims are based on allegations that Wilco, by purporting to terminate Appleton's policy, violated sections 10113.71 and 10113.72 of the California Insurance Code (hereinafter, "the Statutes"), by, respectively, failing to provide notice "to the insured . . . for the alleged lapse or termination of the policy in 2018" and "by failing to provide notice of a right to designate an alternative notice recipient."  (See Compl. ¶¶ 34-35.)  In addition to declaratory relief, Grundstrom seeks injunctive relief, restitution, and monetary damages.

By the instant motion, Wilco seeks an order staying the above-titled action pending a decision in one of the following cases on appeal: (1) McHugh v. Protective Life Insurance Co., 253 Cal. Rptr. 3d 780 (Cal. Ct. App. 2019), review granted, 456 P.3d 933 (Cal. Jan. 29, 2020); (2) Thomas v. State Farm Insurance Co., 424 F. Supp. 3d 1018 (S.D. Cal. 2019), appeal docketed, No. 20-55231 (9th Cir. Mar. 2, 2020); and (3) Bentley v. United of Omaha Life Insurance Co., 371 F. Supp. 3d 723 (C.D. Cal. 2019), appeals docketed, No. 20-55435 (9th Cir. Apr. 27, 2020) & No. 20-55466 (9th Cir. Apr. 29, 2020).[2]

**LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court

---

[2] Wilco's unopposed Requests for Judicial Notice of the following documents are hereby GRANTED: (1) the Petition for Review, filed November 18, 2019, in McHugh; (2) the dockets for McHugh, Thomas, and Bentley; (3) various orders in district court cases; (4) a table from a report prepared by the United States Courts, dated September 30, 2019; (5) a report prepared by the California Supreme Court, dated 2019; and (6) the appellate briefs filed in Thomas.  See Fed. R. Evid. 201(b) (providing court may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents filed in other cases).

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  A court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case," even if the "issues in such proceedings" are not "necessarily controlling of the action before the court."  See Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979).

The proponent of a stay bears the burden of showing such relief is warranted. See Clinton v. Jones, 520 U.S. 681, 708 (1997).  In deciding whether to stay proceedings pending resolution of another action, a district court must weigh "the competing interests which will be affected by the granting or refusal to grant a stay," including (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  See Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).[3]

**DISCUSSION**

In McHugh, the California Supreme Court has been asked to decide whether the Statutes apply retroactively to life insurance policies issued before January 1, 2013, the date on which the Statutes were enacted.  In Thomas and Bentley, the Ninth Circuit has been asked to decide whether the Statutes apply to policies issued before January 1,

---

[3] Grundstrom, citing Nken v. Holder, 556 U.S. 418 (2009), proposes the Court consider, as a fourth factor, whether the party requesting a stay has made "a strong showing . . . that its side will garner a win on the merits."  (See Opp. at 8:24-9:4 (internal quotation and citation omitted).)  The Court declines to adopt Grundstrom's proposal, which, as one court has noted, would add a factor to a balancing test that "has stood for over fifty years."  See Phan v. Transamerica Premier Life Ins. Co., No. 20-cv-03665-BLF, 2020 WL 5576358, at *3 (N.D. Cal. Sept. 17, 2020) (distinguishing Nken; granting stay based on consideration of three CMAX factors).

3

2013, but in force as of the date of the Statutes' enactment, i.e., whether a policy "renews" whenever a policyholder makes a premium payment. (See Mot. to Stay at 2:20-3:5, 4:4.)

Wilco argues a stay pending a ruling in McHugh, Thomas, or Bentley is appropriate because it "will not harm Grundstrom," who "seeks to recover money, not time-sensitive injunctive relief," it will avoid Wilco's unnecessary expenditure of "time and effort [spent] on questions that McHugh, Thomas, or Bentley render moot," and it "will conserve scarce judicial resources." (See Mot. to Stay at 1:14-19.) As set forth below, the Court, having considered the relevant factors, finds a stay is appropriate.

**A.  First Factor: Damage Resulting from Granting of Stay**

The Court first considers the "possible damage which may result from the granting of a stay." See Lockyer, 398 F.3d at 1110 (internal quotation and citation omitted).

In that regard, Grundstrom first argues a stay is "highly disfavored in this context" because she "seeks to enforce important remedial statutes . . . aimed to protect the elderly/disabled and to prevent ongoing violations of these laws by Wilco." (See Opp. at 4:20-27.)[4] The Court is not persuaded. The "[m]ere delay in receiving damages is an insufficient basis to deny a stay," see Ludlow v. Flowers Foods, Inc., No. 18-cv-1190-JLS, 2020 WL 773253, at *2 (S.D. Cal. Feb. 18, 2020), and, as the case "is at an early stage of litigation . . . any prospective injunctive relief is unlikely to be addressed" before either the Ninth Circuit or California Supreme Court issues a decision, see Gustavson v. Mars, Inc., No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). Nor is the Court persuaded by Grundstrom's assertion that the nature of the instant action as a putative class action "further counsels against the stay." (See Opp. at 5:13-18.) No motion to certify a class has been filed, let alone a certification order, and Grundstrom's concern that the requested stay will make it more difficult to reach class members or

---

[4] Grundstrom's unopposed Request for Judicial Notice of the legislative history of the Statutes is hereby GRANTED. See Hunt v. Check Recovery Sys., Inc., 478 F. Supp. 2d 1157, 1160 (N.D. Cal. 2007) (taking judicial notice of legislative history).

4

preserve evidence is, in the absence of supporting facts, no more than speculation.

Accordingly, the Court finds the first factor weighs in favor of a stay.

**B.     Second Factor: Hardship or Inequity Party May Suffer Absent Stay**

The Court next considers "the hardship or inequity which a party may suffer in being required to go forward." See Lockyer, 398 F.3d at 1110 (internal quotation and citation omitted).

Wilco argues that, "[w]ithout a stay, [it] will have to litigate whether the Statutes apply to life-insurance policies that were issued before 2013," which, Wilco asserts, "will require significant resources." (See Mot. to Stay at 9:22-24.) In response, Grundstrom, citing Lockyer, contends the Ninth Circuit has "foreclosed" such argument, and that "many courts find the hardship attendant with being forced to defend a lawsuit . . . irrelevant." (See Opp. at 5:22-6:5 (internal quotation and citation omitted)); see also Lockyer, 398 F.3d at 1112 (holding, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'"). In Lockyer, however, the plaintiff had, unlike here, made out a "fair possibility" of harm, see Lockyer, 398 F.3d at 1112, and, "when the opponent does not adduce evidence that it will be harmed by a stay[,] . . . courts have considered the moving party's burden in litigating the case to be a legitimate form of hardship," see Arris Sols., Inc. v. Sony Interactive Entm't LLC, No. 17-CV-01098-EJD, 2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017) (internal quotation and citation omitted).

Accordingly, the Court finds the second factor weighs in favor of a stay.

**C.     Third Factor: Orderly Course of Justice**

Lastly, the Court considers "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." See Lockyer, 398 F.3d at 1110 (internal quotation and citation omitted).

As noted, Grundstrom claims the Statutes apply to life insurance policies, like the policy here, that were issued before January 1, 2013, a question presently before the

5

courts in McHugh, Thomas, and Bentley. Consequently, a decision in any one of those cases will undoubtedly "provide substantial guidance, if not new law, that will materially impact" the Court's decision in the instant case. See Gustavson, 2014 WL 6986421, at *2 (finding stay appropriate given "likelihood that the Ninth Circuit will provide substantial guidance"). Indeed, the California Supreme Court's decision in McHugh will be binding as to California law. See Muniz v. United Parcel Serv., Inc., 738 F.3d 214, 219 (9th Cir. 2013) (noting, "[d]ecisions of the California Supreme Court, including reasoned dicta, are binding . . . as to California law"). The requested stay will thus conserve judicial resources, thereby promoting "the orderly course of justice." See Gustavson, 2014 WL 6986421, at *3 (noting, "[i]n determining whether the third factor weighs in favor of a stay, considerations of judicial economy are highly relevant").

In opposing the motion, Grundstrom contends Wilco is seeking "an indefinite stay" pending decisions in "multiple other actions," and that "no pending matter, in and of itself, will eliminate the need for this matter to proceed on its merits." (See Opp. at 1:5-6; 8:5-23.) As Wilco points out, however, Wilco is not asking the Court to await a decision in all three cases, but, rather, a decision in any one of the three cases. Such a stay is not indefinite. See, e.g., Burnell v. Swift Transp. Co., No. EDCV-10-00809-VAP-OPX, 2011 WL 13352810, at *3 (C.D. Cal. Jan. 20, 2011) (finding stay pending California Supreme Court's decision not "indefinite"; noting, "the California Supreme Court has internal procedures to ensure timely management of its docket"). Moreover, even if a decision in McHugh, Thomas, or Bentley does not resolve the instant action in its entirety, a decision in any one of those cases will, in all likelihood, provide "valuable assistance to the court in resolving" Grundstrom's claims. See Leyva, 593 F.2d at 863.

Accordingly, the Court finds the third factor weighs in favor of a stay, and, having found the other two factors likewise weigh in favor of a stay, will grant the relief requested.[5]

---

[5] The Court notes that, in this Circuit, in insurance cases raising the same issues as here, five district courts have granted stays, see Allen v. Protective Life Ins. Co., No.

6

The Court is, however, mindful of Grundstrom's desire to avoid a stay that "will last years" (see Opp. at 1:5-6), and, in light thereof, will, as set forth below, direct the parties to submit a Joint Status Report if, by October 13, 2021, there has been no ruling in at least one of the above-referenced three cases.

## CONCLUSION

For the reasons stated above, Wilco's Motion to Stay is hereby GRANTED, and the above-titled action is hereby STAYED pending resolution of the appeal in McHugh, Thomas, or Bentley.

In the event no such resolution has been reached by October 13, 2021, the parties are hereby DIRECTED to submit, no later than October 27, 2021, a Joint Status Report apprising the Court of the status of the three appeals and their respective positions as to maintaining the stay.

In the event of a resolution prior to October 13, 2021, the parties are hereby DIRECTED to submit, no later than 14 days thereafter, a Joint Status Report apprising the Court of the effect of such decision on the instant action.

**IT IS SO ORDERED.**

Dated: October 13, 2020

MAXINE M. CHESNEY
United States District Judge

---

20-cv-00530-JLT, 2020 WL 5878276 (E.D. Cal. Oct. 2, 2020); Phan, 2020 WL 5576358; Order, Small v. Allianz Life Ins. Co. of N. Am., No. 20-cv-01944-TJH (C.D. Cal. Sept. 4, 2020), Doc. No. 43; Min. Order, Kroetz v. John Hancock Life Ins. Co. USA, No. 20-cv-02117-AB-RAO (C.D. Cal. July 21, 2020), Doc. No. 45; Min. Order, Kelley v. Colonial Penn Life Ins. Co., No. 20-cv-03348-MWF (C.D. Cal. July 13, 2020), Doc. No. 23, and one district court has denied a stay, see Order, Siino v. Foresters Life Ins. & Annuity Co., No. 20-cv-02904-JST (N.D. Cal. Sept. 1, 2020), Doc. No. 41.