IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRUNDSTROM,<br><br>    Plaintiff,<br><br>    v.<br><br>WILCO LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 20-cv-03445-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING HEARING** |

    Before the Court is defendant Wilco Life Insurance Company's ("Wilco") Motion, filed March 17, 2022, for Judgment on the Pleadings, whereby Wilco seeks dismissal, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, of the First, Second, and Fourth Causes of Action asserted in plaintiff Julie Grundstrom's ("Grundstrom") complaint.  Grundstrom has filed opposition, to which Wilco has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for determination on the parties' respective written submissions, VACATES the hearing scheduled for April 22, 2022, and rules as follows.

    1. With respect to the First and Second Causes of Action, by which Grundstrom asserts, on behalf of herself and a putative class, claims for "Declaratory Relief or Judgment" under California Code of Civil Procedure § 1060 et seq.[1] and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., respectively:

        a. To the extent Grundstrom seeks a declaration that sections 10113.71

---

[1] The complaint contains a clerical error as to the statute on which Grundstrom relies.  (See, e.g., Compl. ¶ 55 (citing "Cal. Civ. Code § 1060").)

and 10113.72 of the California Insurance Code "applied as of January 1, 2013, to [Wilco's] California policies in force as of or at any time after January 1, 2013" (see Compl. ¶ 61), said claims are subject to dismissal as moot, the California Supreme Court, in McHugh v. Protective Life Ins. Co., 12 Cal. 5th 213 (2021), having found the statutes so apply,[2] see Ogden Martin Sys., Inc. v. San Bernardino County, California, 932 F.2d 1284, 1288 (9th Cir. 1991) (noting federal courts "are bound to follow decisions of a state's highest court in interpreting that state's law" (internal quotation and citation omitted)), and Wilco having acknowledged said holding (see Reply at 10:25-11:2); see also United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985) (noting "[d]eclaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations at issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties").

      b. To the extent Grundstrom seeks other declaratory relief, said claims are subject to dismissal, Grundstrom not having made clear in her complaint that, once sections 10113.71 and 10113.72 have been deemed to apply, there remains an "actual controversy" of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See Gillette Co. v. '42' Products Ltd., 435 F.2d 1114, 1118 (9th Cir. 1970); see also Sellers v. Regents of Univ. of Calif., 432 F.2d 493, 499-500 (9th Cir. 1970) (noting "controversy must exist at the time of the [determination] as to the availability of declaratory relief").

    2. With respect to the Fourth Cause of Action, by which Grundstrom asserts, on behalf of herself and a putative class, a claim for violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200 et seq.:

      a. To the extent Grundstrom seeks restitution, said claim is subject to dismissal, Grundstrom having failed to allege facts sufficient to support her conclusory allegation that she lacks an "adequate remedy at law." (See Compl. ¶ 85); see also

---

[2] McHugh was decided after the filing of the instant action.

Sonner v. Premium Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) (holding plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL"); Julian v. TTE Tech., Inc., Case No. 20-cv-02857-EMC, 2020 WL 6743912, at *4 (N.D. Cal. Nov. 17, 2020) (dismissing claim seeking restitution under UCL where plaintiffs failed to plead facts to support finding they lacked adequate remedy at law; noting "it is not an unfair burden to require [p]laintiffs to explain" in their pleading "why legal remedies are inadequate" (emphasis omitted)).[3]

b. To the extent Grundstrom seeks injunctive relief, said claim is subject to dismissal, Grundstrom having failed to allege facts sufficient to support a finding of "a sufficient likelihood that [s]he will again be wronged in a similar way." See City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Although Grundstrom contends "there is a likelihood [Wilco] will continue to fail to provide the protections of [sections 10113.71 and 10113.72] to the . . . policies [of other class members]" (see Opp. at 15:21-22), class-wide injunctive relief is not available unless Grundstrom herself, as the named plaintiff, is entitled to seek injunctive relief, see Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1045 (9th Cir. 1999) (rejecting argument that "plaintiffs . . . , and the class they seek to represent, should be able to seek an injunction based on the likelihood of future injury [solely] to unnamed class members"), and there is no indication that Grundstrom has other insurance policies or any future relationship with Wilco such that she is "realistically threatened by a repetition of the [wrongful conduct]," see Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir. 2006) (emphasis, internal quotation, and citation omitted).

3. With respect to Grundstrom's request for leave to amend, the request will be granted, as it is not clear to the Court that the above-noted deficiencies cannot be cured by amendment. See Fed. R. Civ. P. 15(a)(2) (providing "court should freely give leave [to amend] when justice so requires"); Sarmiento v. Sealy, Inc., 367 F. Supp. 3d 1131, 1139

---

[3] In light of this finding, the Court does not address herein Wilco's additional arguments in support of dismissal of Grundstrom's claim for restitution under the UCL.

(N.D. Cal. 2019) (noting, "although Rule 12(c) does not mention leave to amend, courts have discretion . . . to grant a Rule 12(c) motion with leave to amend" (internal quotation and citation omitted)).

## CONCLUSION

For the reasons stated above, Wilco's motion for judgment on the pleadings is hereby GRANTED. If Grundstrom wishes to amend, she shall file her First Amended Complaint no later than May 6, 2022. If no amendment is made, the instant action will proceed on the Third and Fifth Causes of Action.

**IT IS SO ORDERED.**

Dated: April 15, 2022

MAXINE M. CHESNEY
United States District Judge