IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRUNDSTROM,<br><br>    Plaintiff,<br><br>    v.<br><br>WILCO LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 20-cv-03445-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOURTH CLAIM FOR RELIEF IN FIRST AMENDED COMPLAINT; DISMISSING FOURTH CLAIM FOR RELIEF WITHOUT FURTHER LEAVE TO AMEND; VACATING HEARING**<br><br>Re: Doc. Nos. 59, 61, 62 |

       Before the Court is defendant Wilco Life Insurance Company's ("Wilco") motion, filed June 3, 2022, to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Fourth Cause of Action asserted in plaintiff Julie Grundstrom's ("Grundstrom") First Amended Complaint ("FAC").  Grundstrom has filed opposition, to which Wilco has replied.  Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for July 8, 2022, and rules as follows.

## BACKGROUND

       In the FAC, Grundstrom alleges she was the "primary beneficiary" of a "flexible premium adjustable life insurance policy" (hereinafter, "the Policy"), which her father, Richard I. Appleton ("Appleton"), purchased from a life insurance company that was

subsequently "acquired and subsumed by" Wilco.  (See FAC ¶¶ 21, 23.)[1]  As alleged in the FAC, the Policy "provide[d] a 61-day grace period" for quarterly premium payments and required Wilco to provide, before any lapse or termination of coverage for nonpayment, at least 31 days' written notice to Appleton and "any assignee of record." (See FAC ¶¶ 23, 25, 59.)

Grundstrom alleges that Wilco, on July 17, 2018, sent Appleton "a letter indicating [the Policy] had lapsed as of July 14, 2018," and that Appleton, on September 27, 2018, passed away.  (See FAC ¶ 26.)  Grundstrom further alleges that Wilco did not, in purporting to terminate the Policy, comply with the notice requirements of the Policy or of sections 10113.71 and 10113.72 of the California Insurance Code (see FAC ¶¶ 24, 59), and, in addition, violated section 10113.72 by failing to give Appleton "annual notice of his right to designate a third party to receive notices of pending lapse or termination of coverage" (see FAC ¶ 67; see also FAC ¶ 15).

Based on the above allegations, Grundstrom asserts, individually, as Appleton's successor-in-interest, and on behalf of a putative class, the following five causes of action: (1) "Declaratory Judgment or Relief (Cal[.] Civ. Code § 1060 et seq.)"; (2) "Declaratory Judgment or Relief (Federal Declaratory Judgment Act – 28 U.S.C. §§ 2201, et seq.)"; (3) "Breach of Contract"; (4) "Unfair Competition (California Business & Professions Code §§ 17200, et seq.)" ("UCL"); and (5) "Financial Elder Abuse (Cal[.] Welf. & Inst. Code § 15610.30)."

**LEGAL STANDARD**

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of

---

[1] At the time of the acquisition, Wilco was known as "Conseco Life Insurance Company."  (See FAC ¶ 21.)

the claim showing that the pleader is entitled to relief.'"  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion to dismiss, a district court must accept as true all material allegations in the complaint and construe them in the light most favorable to the nonmoving party.  See NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See Iqbal, 556 U.S. at 678 (internal quotation and citation omitted).

**DISCUSSION**

By order filed April 15, 2022, the Court dismissed, with leave to amend, Grundstrom's First, Second, and Fourth Causes of Action as alleged in the Complaint, after which Grundstrom filed the FAC, wherein, with the exception of the Fourth Cause of Action to the extent based on injunctive relief, her five initial claims are reasserted.

By the instant motion, Wilco contends Grundstrom's Fourth Cause of Action, by which Grundstrom seeks restitution in the form of "un-refunded premiums, withheld benefits, and diminution [in] value" of the Policy (see FAC ¶ 71), is again subject to dismissal.  As set forth below, the Court agrees that Grundstrom has failed to state a claim for restitution under the UCL.

A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL."  See Sonner v. Premier

3

Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020).[2]

Here, Grundstrom alleges she lacks an adequate remedy at law for the asserted reason that "[p]otential breach of contract damages, alone, will not fully and fairly compensate" her for Wilco's alleged misconduct. (See FAC ¶ 74.) As Wilco points out, however, the restitution Grundstrom seeks is "necessarily less than or equal to the policy benefits she seeks" under her breach of contract claim (see Mot. at 5:20-23 (emphasis omitted); see also FAC ¶¶ 63-64), and Grundstrom offers no argument to the contrary, see Nguyen v. Nissan N. Am., Inc., Case No. 16-cv-05591-LHK, 2017 WL 1330602, at *4-5 (N.D. Cal. Apr. 11, 2017) (granting motion to dismiss UCL claim where plaintiff "fail[ed] to explain how damages [were] inadequate to compensate" for the "exact same alleged harm that form[ed] the basis of [his] request[] for . . . restitutionary" relief (internal quotation and citation omitted)).

Although Grundstrom alleges that, in the event her breach of contract claim were to fail on its merits, her UCL claim would be her "only avenue of recovery" (see FAC ¶ 74), "the relevant test" for equitable jurisdiction "is whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit," see Mullins v. Premier Nutrition Corp., Case No. 13-cv-01271-RS, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018), aff'd sub nom. Sonner, 971 F.3d 834 (9th Cir. 2020); see also Axelrod v. Lenovo (U.S.), Inc., Case No. 21-cv-06770-JSW, 2022 WL 976971, at *3 (N.D. Cal. Mar. 31, 2022) (rejecting argument that plaintiffs "may lack an adequate remedy at law" because "their legal claims w[ould] be harder to prove"); Barrett v. Apple, Inc., 523 F. Supp. 3d 1132, 1157 (N.D. Cal. 2021) (noting the Ninth

---

[2] Although the Court agrees with Grundstrom that Sonner is "not a pleadings decision" (see Opp. at 4:16), a claim for equitable relief is nevertheless subject to dismissal at the pleading stage if the "availability of an adequate legal remedy is clear from the face of the [complaint]," see In re MacBook Keyboard Litig., Case No. 5:18-cv-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal. Oct. 13, 2020); cf. Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013) (holding, although plaintiff "ordinarily need not plead on the subject of an anticipated affirmative defense," dismissal is appropriate where the defense is "apparent on the face of the complaint" (internal quotation and citation omitted)).

Circuit, in Sonner, "rejected . . . wait-and-see approach").

Likewise unavailing is Grundstrom's argument that her UCL claim is appropriately pled "in the alternative." (See Opp. at 5:7-21.) "The question is not whether or when [Grundstrom is] required to choose between two available inconsistent remedies," but, rather, "whether equitable remedies are available to [Grundstrom] at all." See Shuman v. SquareTrade, Inc., Case No. 20-cv-02725-JCS, 2021 WL 5113182, at *10 (N.D. Cal. Nov. 3, 2021) (citation omitted); see also In re Apple Processor Litig., Case No. 18-cv-00147-EJD, 2022 WL 2064975, at *11 (N.D. Cal. June 8, 2022) (noting argument that "equitable claims may be pled in the alternative to otherwise inconsistent legal claims . . . d[id] not address" question of whether plaintiffs lacked adequate remedy at law).

Accordingly, Grundstrom's UCL claim will be dismissed without further leave to amend. See In re MacBook, 2020 WL 6047253, at *4 (dismissing UCL claim without further leave to amend where "availability of . . . adequate legal remedy [was] clear"; noting "further amendment . . . would be futile").[3]

## CONCLUSION

For the reasons stated above, Wilco's motion to dismiss is hereby GRANTED, and Grundstrom's Fourth Claim for Relief is hereby DISMISSED without further leave to amend.

**IT IS SO ORDERED.**

Dated: July 1, 2022

MAXINE M. CHESNEY
United States District Judge

---

[3] In light of this finding, the Court does not address herein Wilco's additional argument that Grundstrom's "grounds for restitution . . . are invalid." (See Mot. at 7:8-9.)