IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRUNDSTROM,<br><br>    Plaintiff,<br><br>    v.<br><br>WILCO LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 20-cv-03445-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court is defendant Wilco Life Insurance Company's ("Wilco") "Motion for Summary Judgment," filed June 23, 2023, whereby Wilco seeks an order "dismissing [p]laintiff's claims for declaratory judgment and entering judgment in its favor on her claims for breach of contract and financial elder abuse." (See Mot. 1:12-13.) Plaintiff Julie Grundstrom ("Grundstrom") has filed opposition, to which Wilco has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for September 8, 2023, and rules as follows.

**1. Declaratory Judgment**

To the extent Wilco seeks an order in its favor on Grundstrom's claims for declaratory judgment,[1] the motion will be granted. In particular, contrary to Grundstrom's

---

[1] Although plaintiff, in the operative complaint, asserts two causes of action for declaratory relief, they differ only in that one is brought under California law, see Cal. Civ. Code § 1060 et seq., and the other is brought under the federal Declaratory Judgment Act, see 28 U.S.C. §§ 2201, et seq. Courts in the Ninth Circuit have observed that the "two statutes are broadly equivalent." See In re Adobe Sys. Privacy Litig., 66 F. Supp. 3d 1197, 1219 (N.D. Cal. 2014) (acknowledging federal Declaratory Judgment Act governs

1  argument that declaratory relief is "an appropriate vehicle for determining . . . disputes
2  about [Cal. Ins. Code §§ 10113.71 and 10113.72] and their effects on attempted lapse" of
3  insurance policies (see Opp. 16:2-3), the Court finds persuasive the authority cited by
4  Wilco holding beneficiaries of policies insuring deceased individuals are not entitled to
5  such forward-looking relief.  See, e.g., Steen v. Am. Nat'l Ins. Co., 2023 WL 4004192, at
6  *11 (C.D. Cal. June 14, 2023) (holding "[d]eclaratory relief is . . . not appropriate with
7  respect to those [persons] who are the beneficiaries of policies insuring the lives of those
8  no longer living"; noting "[s]uch individuals have a fully accrued claim for breach of
9  contract, and declaratory relief is not appropriate with respect to such policyholders").[2]

**2. Breach of Contract**

To the extent Wilco seeks an order in its favor on Grundstrom's breach of contract claim, the motion will be denied.  In particular, the Court finds unpersuasive Wilco's argument that Grundstrom has failed to show a triable issue as to causation, namely, that "any failure of Wilco to provide [the insured] written notice of the annual right to designate," see Cal. Ins. Code § 10113.72, "caused the [p]olicy to lapse" (see Mot. 14:22-15:2).[3]  Rather, the Court finds persuasive the authority, cited by Grundstrom, holding a defendant insurer's failure to comply with the above-referenced third-party-designee

---

analysis of claims seeking declaratory relief even if brought under California Declaratory Relief Act).

[2] Although Grundstrom contends her claims for declaratory relief are not duplicative of her breach of contract claim in that her "breach of contract claim seeks damages for [Wilco's] past breaches, whereas her declaratory relief claim seeks a declaration regarding her past and future rights and those of the putative class members" (see Opp. 15:17-19), such argument is unavailing, in that the instant motion is solely directed to plaintiff's individual claims.

[3] The Court also finds unpersuasive Wilco's argument, made for the first time in its Reply, that § 10113.72 does not apply retroactively to policies like the one here at issue, namely, universal life insurance policies, i.e., policies that, unlike term policies, do not renew.  See Bennett v. ReliaStar Life Ins. Co., 2023 WL 334009, at *2 (9th Cir. Jan. 20, 2023) (reversing order of dismissal where district court found §§ 10113.71 and 10113.72 inapplicable to universal life insurance policies); Bennett v. Reliastar Life Ins. Co., 2020 WL 5835324, at *4 (C.D. Cal. Sept. 23, 2020), rev'd and remanded, No. 20-56012, 2023 WL 334009 (9th Cir. Jan. 20, 2023) (noting "life insurance policy attached to the [c]omplaint . . . [was] a universal life insurance policy, not a term life insurance policy").

1  requirement sufficient to support a breach of contract claim, irrespective of the plaintiff's
2  ability to show a causal relationship between the lack of statutorily required notice and
3  the lapse.  See, e.g., Thomas v. State Farm Life Ins. Co., 2021 WL 4596286, at *1 (9th
4  Cir. Oct. 6, 2021) (finding failure to comply with insurance code notice requirements,
5  including those set forth in § 10113.72, precludes policy from lapsing; holding evidence of
6  causation "is not necessary" for plaintiff to prevail on breach of contract claim); see also
7  Small v. Allianz Life Ins. Co. of N. Am., No. CV2001944TJHKESX (C.D. Cal. Aug. 25,
8  2023) (holding, where defendant insurer failed to notify policyholder of right to designate
9  third party to receive pre-termination notice mandated by § 10113.72, defendant "could
10 not have lapsed the policy"; further finding policy thus remained "in effect at the time of
11 [the policyholder's] death).

### 3. Elder Abuse

13  To the extent Wilco seeks an order in its favor on Grundstrom's financial elder
14 abuse claim, the motion will be granted.  In particular, contrary to Grundstrom's argument
15 in her opposition, neither the allegations set forth in the operative complaint nor the facts
16 presented in connection with the instant motion come close to establishing a triable issue
17 on any element of an elder abuse claim.
18  "To state a claim of elder abuse, a plaintiff must allege facts showing the
19 defendant (1) subjected an elder to statutorily-defined physical abuse, neglect, or
20 financial abuse; and (2) acted with recklessness, malice, oppression, or fraud in the
21 commission of the abuse."  See Von Mangolt Hills v. Intensive Air, Inc., 2007 WL 521222,
22 at *2 (N.D. Cal. Feb. 15, 2007).  "Financial abuse of an elder . . . occurs when a person or
23 entity . . . takes, secretes, appropriates, obtains, or retains real or personal property of an
24 elder or dependent adult for a wrongful use or with intent to defraud" or "by undue
25 influence."  Cal. Welf. & Inst. Code § 15610.30(a); see, e.g., Negrete v. Fid. & Guar. Life
26 Ins. Co., 444 F. Supp. 2d 998, 1002 (C.D. Cal. 2006) (finding allegation that defendant
27 life insurance company "fraudulently acquired millions of dollars by engaging in a
28 churning scheme" targeting elderly customers sufficient to state claim for elder abuse).

1   To the extent Grundstrom asserts Wilco's failure to provide the requisite notice and its termination of the policy constituted "wrongful use," see Paslay v. State Farm Gen. Ins. Co., 248 Cal. App. 4th 639, 656-57 (2016) (holding "to establish a 'wrongful use' . . . the elder must demonstrate a breach of the contract, or other improper conduct" that defendant "knew or should have known . . . is likely to be harmful to the elder"), such argument is unavailing where, as here, there existed until 2021, see McHugh v. Protective Life Ins. Co., 12 Cal. 5th 213 (2021), a genuine dispute of law as to the applicability of § 10113.72 to life insurance policies issued, like the policy here, before 2013, the year in which §§ 10113.71 and 10113.72 became effective.  See Moriarty v. Am. Gen. Life Ins. Co., 2022 WL 2959560, at *2 (S.D. Cal. July 26, 2022) (granting defendant's motion for summary judgment on insurance bad faith claim; finding defendant "established that there was a genuine dispute as to coverage due to unsettled law regarding the applicability of Cal. Ins. Code §§ 10113.71 and 10113.72" to "pre-2013 life insurance policies" (internal quotation and citation omitted)).

## CONCLUSION

For the reasons stated, Wilco's motion for summary judgment is hereby GRANTED in part and DENIED in part, as follows:

(1) on Grundstrom's claims for declaratory judgment, the motion is GRANTED;

(2) on Grundstrom's financial elder abuse claim, the motion is GRANTED;

(3) on Grundstrom's breach of contract claim, the motion is DENIED.

In light of the above, the hearing on Grundstrom's motion for class certification is hereby SET for November 3, 2023.

**IT IS SO ORDERED.**

Dated: September 5, 2023

MAXINE M. CHESNEY
United States District Judge