IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE GRUNDSTROM,<br><br>    Plaintiff,<br><br>    v.<br><br>WILCO LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 20-cv-03445-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WILCO LIFE INSURANCE COMPANY'S MOTION TO STAY; DIRECTIONS TO PARTIES** |

Before the Court is defendant Wilco Life Insurance Company's ("Wilco") "Motion to Stay Pending Ninth Circuit's Decision in Related Actions." Plaintiff Julie Grundstrom ("Grundstrom") has filed opposition, to which Wilco has replied. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

## BACKGROUND

The instant case is a putative class action brought by Grundstrom against Wilco. (See Am. Compl. ¶ 10.) Grundstrom alleges her father, Richard Appleton ("Appleton"), purchased, "[i]n or before 1991," a life insurance policy from a company that was later acquired by Wilco. (See id. ¶¶ 8, 21.) Grundstrom further alleges that, on July 17, 2018, Wilco sent Appleton a termination letter "indicating his policy had lapsed as of July 14, 2018." (See id. ¶ 26.) On September 27, 2018, Appleton passed away. (See id.)

On May 21, 2020, Grundstrom filed the instant lawsuit, alleging Wilco violated sections 10113.71 and 10113.72 of the California Insurance Code (hereinafter, "the

---

[1] By Order filed November 16, 2023, the Court took the matter under submission.

Statutes").[2] She seeks declaratory relief, damages, and restitution. (See Am. Compl. Part XIII.)

By order filed October 13, 2020, the Court stayed the instant action, pending the California Supreme Court's decision in McHugh v. Protective Life Ins. Co., 12 Cal. 5th 213 (2021). (See Order Granting Stay, Doc. No. 32.) Thereafter, McHugh determined the Statutes apply to policies issued before 2013, the year in which the Statutes became effective, an issue which had been raised in the instant case. This Court then lifted the stay. (See Order Lifting Stay, Doc. No. 34.)

After the stay was lifted, Grundstrom moved to certify a class of "[a]ll vested owners and beneficiaries of life insurance policies issued or delivered by Defendant, and its predecessor insurers, in California, and which, after January 1, 2013, were lapsed or terminated for nonpayment of premium without Defendant first providing all the protections required by [the Statues]." (Pl.'s Mot. for Class Cert. at 12, Doc. No. 69.)[3]

After Grundstrom's certification motion was filed and prior to the Court's ruling thereon, Wilco moved for summary judgment (see Def.'s Mot. for Summary Judgment, Doc. No. 79), after which the Court deferred consideration of the motion for class certification pending resolution of Wilco's motion. (See Scheduling Order, Doc. No. 84.) On September 5, 2023, the Court granted summary judgment in favor of Wilco on Grundstrom's declaratory relief and elder abuse claims and permitted her breach of contract claim to proceed. (See Summary Judgment Order, Doc. No. 92.)

//

---

[2] Section 10113.71 requires that every insurance policy "contain a provision for a grace period of not less than 60 days from the premium due date" and notice be mailed to the "named policy owner [and] a designee named pursuant to Section 10113.72," such notice to be given "at least 30 days prior to the effective date of termination . . . for nonpayment of premium." See Cal. Ins. Code. § 10113.71(a), (b)(1) (West). Section 10113.72 requires the policyholder be "given the right to designate at least one person . . . to receive notice of lapse or termination of a policy for nonpayment of premium." Cal. Ins. Code § 10113.72(a) (West).

[3] In referencing page numbers in the parties' filings, the Court has used herein the page numbers designated by ECF at the top of each page.

**DISCUSSION**

On October 17, 2023, Wilco filed the instant motion to stay proceedings pending resolution of two cases before the Ninth Circuit: Farley v. Lincoln Benefit Life Co., No. 2:20-cv-02485-KJM-DB, 2023 WL 3007413 (E.D. Cal. Apr. 18, 2023), appeal docketed, No. 23-80037, and Small v. Allizanz Life Ins. Co. of N. Am., No. CV 20-01944 TJH (KESx), 2023 WL 4042593 (C.D. Cal. May 23, 2023), appeal docketed, No. 23-80050.[4,5]

**A. Legal Standard**

As explained by the Supreme Court in Landis v. N. Am. Co., 299 U.S. 248 (1936), "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort." Id. at 254. In determining whether to stay an action, district courts weigh the following "competing interests," or "Landis factors": (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law." See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254–55).

Grundstrom, citing Nken v. Holder, 556 U.S. 418 (2009), argues the Court should consider, as an additional factor, the movant's likelihood of success on the merits. (See Pl.'s Opp'n. to Def.'s Mot. to Stay ("Pl.'s Opp'n.") at 14–15, Doc. No. 104.) As Wilco notes, however, Nken considered the question of whether a decision by a lower court

---

[4] Wilco's unopposed Request that the Court take judicial notice of documents filed in connection with the Farley and Small appeals, as well as documents filed in other cases cited by Wilco in the instant motion, is hereby GRANTED.

[5] Subsequent to the filing of the parties' briefing on the instant motion, Wilco filed, pursuant to Civil Local Rule 7-3(d)(2), a Statement of Recent Decision (see Doc. No. 109), apprising the Court that the Ninth Circuit has granted an interlocutory appeal of the Southern District of California's holding that "an insurance company's failure to terminate an insurance policy in accordance with [the Statues] precludes a policy from lapsing," see Moriarty v. Am. General Life Ins. Co., 3:17-cv-1709, 2023 WL 6280967, at *2 (S.D. Cal. Sept. 26, 2023), appeal docketed No. 23-2623, a ruling this Court also made in the instant case (see Summary Judgment Order at 2–3).

should be stayed "based on the movant's own appeal" of that decision. (See Def.'s Reply in Supp. of Mot. to Stay ("Def.'s Reply") at 10, Doc. No. 105. See also Nken, 556 U.S. at 426 and Phan v. TransAmerica Premier Life Ins. Co., 20-cv-3665-BLF, 2023 WL 7507464, at *4 (N.D. Cal. Nov. 13, 2023) (granting insurance company's motion to stay pending resolution of appeals in Farley and Small and declining to add "likelihood of success" as factor; stating, "Nken differs from this case in both subject matter and procedural posture").)

**B. Landis Factors**

The Court considers below each Landis factor in turn.

**1. Damage Resulting from Grant of Stay**

The Court first considers "the possible damage which may result from the granting of a stay." CMAX, 300 F.2d at 268.

Grundstrom, citing Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir. 1979), argues that "[w]here the claims at issue are remedial in nature and address an important public policy, especially for protected classes of persons, stays result in unacceptable levels of harm." (See Pl.'s Opp'n. at 9.) To the extent Grundstrom may be contending Leyva prohibits stays in such cases, the Court is not persuaded. In Leyva, the Ninth Circuit held a stay could be granted where a "statutory right" and "strong congressional policy favoring [the claim]" exist, but cautioned that district courts should grant such a stay only when it appears "likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." See Leyva, 593 F.2d at 864 (remanding case to district court to determine if stay should be granted pending arbitration of plaintiffs' claim for payment of overtime wages). Additionally, in so holding, the Ninth Circuit went on to acknowledge that "[i]t would waste judicial resources and be burdensome upon the parties if the district court . . . were mandated [to adjudicate a case] at the same time as [another tribunal] is going through a substantially parallel process." (See id.)

Here, although the statutes at issue address an important policy concern, namely,

protecting vulnerable holders of life insurance policies from unnoticed termination, defendants have submitted evidence that the Ninth Circuit typically resolves cases "about twelve months after the notice of appeal is filed," (see Def.'s Mot. to Stay ("Def.'s Mot.") at 15, Doc. No. 96, citing Def.'s Request for Judicial Notice, Ex. E (Judicial Business 2022 Tables: Table B-4A, U.S. Courts (Sept. 30, 2022)), Doc. No. 96-1.[6]), and Grundstrom offers no evidence to the contrary. Nevertheless, as Grundstrom points out, there is "no guarantee . . . that a judicial decision will likely be issued soon," (see Pl.'s Opp. at 13:22–23) and, as the Ninth Circuit has advised, "[g]enerally, stays should not be indefinite in nature," see Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1067 (reversing stay and remanding where stay was issued "without any indication that it would last only for a reasonable time" and foreign arbitration had not commenced two years after stay order issued). In light thereof, the Court next considers whether a stay of twelve months would be appropriate. See, e.g. Phan, 2023 WL 7597464, at *4 (imposing twelve-month time limit on insurance company's motion to stay proceedings pending Farley and Small appeals); ASIS Internet Serv. v. Member Source Media, LLC, C-08-1321 EMC, 2008 WL 4164882, at *4 (staying case for one year or until resolution of appeal if earlier).

      In her Opposition, Grundstrom does not contend a stay for such limited duration would be unreasonable. Rather, in addition to the above-referenced policy considerations, she argues, citing Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005), her claim for injunctive relief counsels against a stay of any length. (See Pl.'s Opp'n. at 9–10.) In Lockyer, the Ninth Circuit held that where a party "seeks injunctive relief against ongoing and future harm," a stay is more likely to injure the non-moving party than where such party seeks "only damages for past harm." Id. Here, however, injunctive relief is no longer at issue, given the Court's dismissal of all plaintiffs' claims

---

[6] Wilco's undisputed Request for Judicial Notice of the above-referenced table is hereby GRANTED.

5

1  other than for breach of contract. (See Summary Judgment Order at 4.) Consequently,
2  only monetary relief remains, and delay in monetary relief alone does not create a
3  hardship that counsels against a stay. See CMAX, 300 F.2d at 268–69 (finding petitioner
4  failed to show stay improper where delay in monetary relief "would be the extent of its
5  damage").[7]

6        Likewise unavailing is Grundstrom's reliance on Lopez v. Heckler, 713 F.2d 1432
7  (9th Cir. 1983), which she cites to support her argument that the age of the proposed
8  class weighs in favor of a stay. (See Pl.'s Opp'n. at 9.) In Lopez, the Ninth Circuit
9  declined to stay a preliminary injunction by which the Social Security Administration,
10 given its deficient termination procedures, was required to reinstate terminated disability
11 benefits. (See id. at 1433–34, 1440.) In particular, the Ninth Circuit found staying the
12 injunction would lead to "preventable human suffering." (See id. at 1437.) Here, unlike in
13 Lopez, Grundstrom has not shown a stay would cause her or the proposed class any
14 "deprivation of life's necessities." See id. Rather, a stay here would do no more than
15 delay possible monetary relief.[8]

16       Grundstrom's final argument is that a stay would be damaging because the instant
17 case is a putative class action. (See Pl.'s Opp'n. at 10–11.) In support thereof,
18 Grundstrom cites to Lathrop v. Uber Technologies, 14-cv-05678-JST, 2016 WL 97511, at
19 *4 (N.D. Cal. Jan 8, 2016), wherein the district court denied a stay, finding the resulting
20 delay would "increase the difficulty of reaching class members, and increase the risk that
21 evidence [would] dissipate." Here, Grundstrom does not explain how a delay would make
22 it more difficult to access evidence, particularly given Wilco's retention of extensive

---

[7] Plaintiffs' citation to Montez v. Chase Home Finance, LLC, No. 11-CV-530 JLS (WMC), 2011 WL 2729445, *2 (S. D. Cal. July 13, 2011) is inapposite, as the court found the plaintiffs therein would be harmed by stay "because [p]laintiffs not only [sought] damages, but also injunctive relief." See id.

[8] Takiguchi v. MRI Int'l, Inc., 2:13-cv-01183-HDM-VCF, 2015 U.S. Dist. LEXIS 135076 (D. Nev. Oct. 2, 2015), to which Grundstrom also cites, is similarly distinguishable on its facts. See id. at *3, 8 (declining to grant stay where elderly plaintiffs had "invested their life savings" in company "accused of massive Ponzi scheme").

6

records pertaining to the identities of class members. See Decl. of Brian Brewster in Supp. of Wilco's Opp. to Pl.'s Mot. for Class Cert. at ¶¶ 4–10, 19, Doc. No. 72-7 (identifying records listing policies of potential class members and content of policyholders' files).

Accordingly, the Court finds the first factor weighs in favor of a stay.

**2. Hardship or Inequity Party May Suffer Absent Stay**

The Court next considers "the hardship or inequity which a party may suffer in being required to go forward." See CMAX, 300 F.2d at 268.

Wilco argues that "denial of a stay would force parties to litigate issues that a forthcoming appellate court decision could impact." (See Def.'s Mot. at 15.) Although Grundstrom is correct that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'" under Landis (see Pl.'s Mot. at 11, citing Lockyer, 398 F.3d at 1112), Wilco does not argue that simply defending the suit constitutes hardship; rather, it argues that both parties, in the absence of a stay, may be required to unnecessarily expend time and resources, particularly if a class is certified. (See Def.'s Mot. at 15.) California courts have recognized such "wasted" effort constitutes hardship under Landis. See e.g. Gustavson v. Mars, Inc., 13-cv-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014) (finding hardship exists where "the need to re-brief class certification and potentially re-open discovery would involve a significant expenditure of time and resources") and Phan, 2023 WL 7597464, at *4 (noting in absence of stay, "the parties would devote significant resources to litigating a class action only to have their efforts potentially rendered moot by a decision in either Farley or Small").

Accordingly, the Court finds the second factor weighs in favor of a stay.

**3. Judicial Economy**

Lastly, the Court considers "the orderly course of justice measured in terms of the simplifying or complication of issues, proof, and questions of law which could be expected to result from a stay." See CMAX, 300 F.2d at 263.

7

Wilco argues a stay would conserve judicial resources because the instant action raises "the same issues . . . that are on appeal in Farley and Small," or, at a minimum, issues that substantially "overlap[]" with those in Farley and Small. (See Def.'s Mot. at 17:3–5, 24–26.) Both cases address the application of Rule 23 of the Federal Rules of Civil Procedure to classes of plaintiffs similar to that at issue in the instant action, namely, living policyholders, as well as the beneficiaries of deceased policyholders, where the subject life insurance policies were terminated by a defendant insurance company without compliance with the Statutes. See Farley, 2023 WL 3007413, at *2; Small, 2023 WL 4042593, at *1; and Pl.'s Mot. for Class Cert. at 12.

In Farley, the district court certified a class for purposes of pursuing declaratory and injunctive relief under Rule 23(b)(2), and, noting the named plaintiff was "still alive and not seeking monetary relief," denied certification under Rule 23(b)(3), finding her claims were "not typical" of those seeking monetary relief. (See Farley, 2023 WL 3007413, at *8–9.) In Small, the district court certified two subclasses: one comprised of living policyholders seeking declaratory relief under Rule 23(b)(2) and the other comprised of deceased policyholders seeking monetary relief under Rule 23(b)(3), with the same beneficiary of a deceased policyholder representing both subclasses. (See Small, 2023 WL 4042593, at *3–4.) Additionally, with regard to the question of predominance, see Fed. R. Civ. P. 23(b)(3) (requiring "questions of law or fact common to class members predominate over any questions affecting only individual members"), the district court in Small found neither "the presence of individualized damages," see Small, 2023 WL 4042593 at *4, nor "factual differences among the various policy lapses and terminations,"[9] sufficed to defeat certification.

Essentially the same issues are presented here. In particular, the parties dispute

---

[9] In Small, the defendant insurance company submitted evidence that the putative class members' "policy terms were not uniform," and that some policyholders either "intentionally cancelled their policy or were aware of an impending policy lapse." See id. at *3.

8

whether Grundstrom can represent a class encompassing both living policyholders and beneficiaries of deceased policyholders (see Def.'s Opp'n. to Class Cert. at 21–22, Doc. No. 72, and Pl.'s Reply in Supp. of Class Cert. at 16–17, Doc. No. 73), whether Grundstrom needs to propose a uniform method of calculating damages (see Def.'s Opp'n. to Class Cert. at 31–32 and Pl.'s Reply in Supp. of Class Cert. at 19–20), and whether any differences in individual policyholders' intent and/or knowledge as to lapses are relevant (see Def.'s Opp'n. to Class Cert. at 28–31 and Pl.'s Reply in Supp. of Class Cert. at 13–15).

Although Grundstrom argues that "no pending matter . . . will eliminate the need for this matter" to be resolved on its own, see Pl.'s Opp'n. at 13, she does not dispute the likelihood that the Ninth Circuit will provide binding, or at least instructive analysis on several points relevant to this Court's assessment of class certification.

Accordingly, the Court therefore finds the third factor weighs in favor of a stay.

//

## CONCLUSION

For the reasons stated above, Wilco's Motion to Stay is hereby GRANTED in part and DENIED in part as follows:

1. To the extent Wilco seeks a stay of the instant action, a stay is GRANTED, and the case is stayed until December 4, 2024.
2. To the extent Wilco seeks a stay until resolution of the appeals in Farley and Small, and without the above limitation, the motion is DENIED.
3. The parties are to submit a joint status report to the Court within two weeks after the Ninth Circuit's decision in either Farley or Small, or on December 4, 2024, whichever is earlier.

**IT IS SO ORDERED.**

Dated: December 4, 2023.

MAXINE M. CHESNEY
United States District Judge